**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**CHRISTOPHER EVERETT
ADC #152664**                                                         **PLAINTIFF**

**V.**                  **CASE NO. 3:20-CV-244-JM-BD**

**BOBBY TATE,** *et al.*                                                **DEFENDANTS**

## ORDER

Plaintiff Christopher Everett filed another motion asking the Court to set dates for the parties to conduct discovery. (Doc. No. 46) As explained in a previous order (Doc. 45), until the issue of exhaustion of administrative remedies is decided, discovery on the merits of Mr. Everett's claims is premature. The pending motion (Doc. No. 46) is, therefore, DENIED.

The Defendants have now moved for summary judgment, contending that Mr. Everett did not fully exhaust any grievances against the Defendants before he filed this lawsuit. (Doc. No. 47) Mr. Everett may file a response opposing the motion, if he wishes. To be considered, his response must be filed within 14 days of this Order.

In opposing the motion for summary judgment, Mr. Everett may attach affidavits that he or others have signed. Because affidavits are sworn statements, they must be either notarized or declared under penalty of perjury (see 28 U.S.C. § 1746). Unsworn statements will not be considered in deciding the motion for summary judgment. And to be considered, an affidavit must be based on the personal knowledge of the person who signs it.

Defendants' motion concerns only whether Mr. Everett fully exhausted the grievance process before filing this lawsuit. Therefore, Mr. Everett's response to this motion should address only that issue; that is, whether he exhausted his administrative remedies before filing suit and, if not, whether there was a valid reason why he did not.

IT IS SO ORDERED, this 26th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE