IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHRISTOPHER EVERETT                                                    PLAINTIFF

V.                                  NO. 3:20-cv-00244-JM-ERE

BOBBY TATE, SHERIFF SHAWN
STEPHENS, SISSY WILSON,
JEFFREY TATE, AARON MOODY, *et al.*                      DEFENDANTS

## RECOMMENDED DISPOSITION

### I.    Procedures for Filing Objections

This Recommendation has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation.  Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II.    Background

Plaintiff Christopher Everett filed this *pro se* § 1983 action alleging that, while in the Independence County Detention Center ("ICDC"), Defendants Bobby Tate,

Sheriff Shawn Stephens, Sissy Wilson, Jeffrey Tate, and Aaron Moody ("Defendants") violated his constitutional rights. All of his claims arise from an incident on June 3, 2019, during which Defendants Bobby Tate and Jeffrey Tate allegedly used excessive force, and after which Mr. Everett was denied appropriate medical care. He also alleges that Defendants Wilson, Moody, and Stephens failed to transfer him or to take corrective action to remedy the events of June 3, 2019.

On October 16, 2019, Mr. Everett filed a lawsuit raising the same constitutional claims arising from the June 3, 2019 incident he raises in this action. See *Everett v. Tate*, No. 1:19-cv-00102-JM-BD (E.D. Ark. filed Oct. 16, 2019) ("*Everett I*"). In *Everett I*, the Court ruled that Mr. Everett failed to exhaust the administrative remedies available to him before filing suit. *Everett I*, *Docs. 65*, *70*. The Eighth Circuit affirmed this ruling. *Everett v. Tate*, 842 F. App'x 4 (8th Cir. March 26, 2021).

On August 19, 2020, Mr. Everett filed his complaint in this action. *Doc. 2*. He acknowledges that he didn't exhaust his administrative remedies, but explains that due to "transfer to ADC Exhaustion Remedies no[t] available." *Id. at 3*.

Defendants have filed a motion for summary judgment, brief, and statement of facts, again arguing that Mr. Everett failed to exhaust his administrative remedies with respect to all of his claims. *47, 48 & 49*. Mr. Everett has responded. *Docs. 50, 51 & 53*.

For the reasons explained below, the Court recommends Defendants' motion for summary judgment (*Doc. 24*) be GRANTED, and all of Mr. Everett's claims be dismissed, without prejudice.

## III. Discussion

### A. The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised in this action that was not fully exhausted *before* the lawsuit was filed. See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Everett to satisfy the ICDC's requirements for raising and administratively exhausting the claims he is asserting in this lawsuit before bringing this action.[1]

---

[1] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

3

**B.    The ICDC's Exhaustion Policy**

At all times relevant to this action, the ICDC provided a grievance process requiring inmates "confined in the Independence County Detention Facility" to file "a written complaint" concerning any "conditions or actions by staff" personally affecting them. *Doc. 49-5 at p. 1* (ICDC Policy 5.10). The policy further provides that "[a]ny inmate confined to the facility may request an Inmate Grievance Form." Id. at 3.  The ICDC does not accept or process grievances from individuals who are not in ICDC custody.  *Doc. 49-1, ¶ 20* (Affidavit of Chief Deputy Aaron Moody, Exh. B).

Thus, to properly exhaust his administrative remedies with respect to each claim asserted against each Defendant, Mr. Everett was required to present those claims as provided for by the ICDC grievance policy. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

**C.    Mr. Everett Has Failed to Demonstrate That He Properly Exhausted His Administrative Remedies After *Everett I***

In *Everett I*, the Court held that Mr. Everett failed to come forward with any

evidence to support his allegation that he, in fact, submitted a written grievance about the June 3 incident. *Everett I*, *Doc. 65 at 4*. The doctrine of collateral estoppel prohibits Mr. Everett from relitigating in this case whether he exhausted his administrative remedies with respect to the June 3, 2019 incident by anything he did *before* October 16, 2019, the date he filed *Everett I*. *Irving v. Dormire*, 586 F.3d 645, 647-48 (8th Cir. 2009) (omitting citation) (explaining issue preclusion, or collateral estoppel, and observing that the doctrine "applies to matters necessarily decided in the former judgment even if there is no specific finding or reference thereto."). Thus, the Court considers only Mr. Everett's allegations that something he did *after* October 16, 2019 was sufficient to properly exhaust his administrative remedies.[2]

The following facts are undisputed. Mr. Everett was booked into the ICDC on September 26, 2018, and remained there until July 9, 2019, when he was transferred to the custody of Arkansas Division of Correction ("ADC"). *Doc. 49-2*. While detained in the ICDC, Mr. Everett never filed a grievance related to the alleged use of excessive force on June 3, 2019 and related claims he asserts in this lawsuit. Between October 21, 2018 and May 2019, Mr. Everett submitted

---

[2] Mr. Everett continues to claim in this lawsuit that he filed a grievance on June 4, 2019, but the ICDC "lost it." *Doc. 53 at p. 1*. This may be offered simply as background information, since the thrust of his argument is that his transfer to the ADC made the grievance process unavailable to him. However, to the extent, Mr. Everett proposes to relitigate this issue again, he is estopped to do so.

approximately twenty-six (26) inmate grievances. *Doc. 49-1 at ¶ 7.* Thus, the ICDC's grievance procedure was available to Mr. Everett while he was at the ICDC, and he knew *how* to use it.

Mr. Everett argues that on April 26, 2020 and April 29, 2020, he "mailed in a grievance" to the ICDC regarding the June 3, 2019 incident, but the ICDC never responded.[3] *Doc. 50 at 14.* Mr. Everett faults the ICDC for not accepting his belated grievances, which he submitted over ten (10) months *after* he left the ICDC's custody. Mr. Everett concludes that since the ICDC's written policy fails to include a specific time limit on filing a grievance, he could file one at any time. Thus, he argues, when ICDC officials failed to allow him to submit grievances in April of 2020, while at the ADC, the policy was "unavailable" to him.

The ICDC policy clearly contemplates that only current inmates will be permitted to submit grievances. In April of 2020, when Mr. Everett alleges he mailed grievances to the ICDC, he was not an inmate there. Thus, even if the grievances were received, the ICDC had no obligation to do anything with them.

Finally, Mr. Everett argues that because he lost access to the ICDC grievance process once he was transferred, the grievance process was unavailable to him. His argument ignores the fact that he had over thirty (30) days - between June 4, and

---

[3] In April and May of 2020, Mr. Everett also attempted, unsuccessfully, to use the ADC's grievance process to grieve the June 3, 2019 incident at ICDC. His grievance was rejected as beyond the ADC's control. *Doc. 50 at 16-20.*

July 9, the date he was transferred to the ADC - to file a grievance about the events

of June 3.[4]

The PLRA's unambiguous exhaustion requirement that "[n]o action shall be

brought with respect to prison conditions under section 1983 . . . by a prisoner . . .

until such administrative remedies as are available are exhausted[,] 42 U.S.C. §

1997e(a), is not amenable to "judge-made" exceptions or judicial discretion. *Ross v.*

*Blake*, 578 U.S. 1174, 136 S. Ct. 1850, 1856–57 (2016). "An inmate ... must exhaust

*available* remedies, but need not exhaust unavailable ones." *Ross*, 136 S. Ct. at 1858

(emphasis added). The Eighth Circuit has observed:

> Although the PLRA does not provide a definition, the plain meaning of the
> term 'available' is 'capable of use for the accomplishment of a purpose:
> immediately utilizable ... accessible,' *see Webster's Third New International
> Dictionary* 150 (1986).

*Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).   The Supreme Court has

recognized three circumstances in which an administrative remedy is "not capable

of use" and thus unavailable: (1) where the administrative procedure "operates as a

simple dead end—with officers unable or consistently unwilling to provide *any* relief

---

[4] The cases Mr. Everett cites to support his argument (*Doc. 53 at 2*) are readily distinguishable from the facts in this case. See *Ray v. Hogg*, No. 05-73910, 2007 WL 2713902, at *8 (E.D. Mich. Sept. 18, 2007) (finding grievance process unavailable where inmate transferred to another prison the very day subject assault occurred); *Goldwater v. Arpaio*, No. CV06-1784-PHX-SMM, 2007 WL 1577891, at *2 (D. Ariz. May 31, 2007) (finding grievance process unavailable where inmate was transferred immediately after he received inadequate medical treatment); *Szkup v. Arpaio*, No. CV05-2523PHXSMMMEA, 2006 WL 2821685, at *2 (D. Ariz. Sept. 29, 2006) (finding unrebutted inmate's contention that he could not complete the grievance process because he was transferred).

to aggrieved inmates," *Ross*, 578 U.S. at 1859 (emphasis added); (2) where the "administrative scheme" is "so opaque" as to be practically "incapable of use," *id*.; and (3) where "administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 1860.

Here, the undisputed evidence shows that Mr. Everett had an opportunity to exhaust the ICDC's grievance process, which was capable of his use *before* his transfer to the ADC, but he failed to do so. Furthermore, there is no evidence that ICDC officials prevented him from exhausting his administrative remedies before he left the ICDC.

The Court finds that between October 15, 2019, and the filing of this lawsuit on August 19, 2020, Mr. Everett failed to properly exhaust available remedies related to the events of June 3, 2019.

## III.    <u>Conclusion</u>

IT IS THEREFORE RECOMMENDED THAT:

1.    Defendant Bobby Tate, Jeffrey Tate, Shawn Stephens, Sissy Wilson, and Aaron Moody's motion for summary judgment for failure to exhaust administrative remedies (*Doc. 47*) be GRANTED and judgment be entered in their favor.

2.    All claims asserted by Plaintiff Christopher Everett in this action be DISMISSED, without prejudice, for failure to exhaust administrative remedies.

Dated this 20th day of August, 2021.

_____
UNITED STATES MAGISTRATE JUDGE